[No. 6520.  Decided March 20, 1907.]

L. M. HARTLEY, *Respondent*, v. FLOYD FERGUSON et al., *Appellants*.[1]

APPEAL—REVIEW—DISCRETION—NEW TRIAL.  An order granting a new trial, which does not show upon which one, of several grounds it was based, will not be reversed on appeal in the absence of a showing of abuse of discretion.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered June 29, 1906, granting to the plaintiff a new trial, in an action to foreclose a mortgage. Affirmed.

*George M. Ryker, J. T. Mulligan,* and *H. N. Martin,* for appellants.

*Dye & Reiter* and *McCoid & Finley,* for respondent.

ROOT, J.—Appellants purchased from respondent a stallion for the sum of $1,400, giving $100 cash and their promissory notes for $700 and $600, secured by a real estate mortgage.  Appellants claim that the horse was sold upon a verbal warranty which failed.  Respondent brought this action to foreclose the mortgage.  The trial resulted in a decree favorable to appellants.  Thereafter a motion for new trial was interposed, argued, and granted.  From the order allowing a new trial, this appeal is taken.

[1]Reported in 89 Pac. 156.

3—46 WASH.

The motion for new trial was based upon five statutory grounds. Respondent argues that the decree and judgment of the court was not supported by the evidence; that there was misconduct on the part of the defendants in that they produced perjured testimony, to wit, the defendant Floyd Ferguson's testimony; and that there was accident and surprise in that plaintiff, who was a resident of Iowa, did not know that the cause had been assigned for trial, and that one Kester who sold the horse in question and was an important witness, was at the time sick in bed and unable to be at the trial. The order does not state upon what ground it was based. The granting of a new trial lies largely in the discretion of the trial court. In the absence of an abuse of discretion, such an order will not be disturbed except in those cases where the reason for the granting of the order is assigned therein or clearly appears and is shown by the record to be erroneous. When the trial court, after hearing all of the evidence, seeing the witnesses, and being familiar with all of the proceedings, is convinced that the verdict or decision is erroneous, or that an injustice has been done, and there is good reason to believe that another hearing would conserve the ends of justice, it becomes its duty to grant such new trial. The record in this case does not convince us that the trial court abused its discretion in making the order appealed from. It is therefore affirmed.

HADLEY, C. J., DUNBAR, MOUNT, FULLERTON, and CROW, JJ., concur.